Dear Representative Driskill:
This opinion is in response to your question which can be summarized as follows:
 Which provision or provisions of law provide the necessary procedure for the dissolution of special road districts in counties of the third class where the special road districts were organized pursuant to the provisions of Chapter 102, RSMo 1909?
The information you provided indicates the special road districts of Ripley County were organized in 1919 under Chapter 102, RSMo 1909. We further understand that the county was not under township organization.
The statute under which the special road districts were created is Section 10464 of Chapter 102, RSMo 1909, which states as follows:
 Sec. 10464. Counties to be divided into road districts, how. — The county courts of all counties, other than those under township organization, shall, during the month of January, 1910, with the advice and assistance of the county highway engineer, divide their counties into road districts of suitable and convenient size, to be numbered, and of not less than nine square miles nor more than one municipal township in area. And said courts shall, during the same month in any succeeding year, have authority to change the boundaries or number of such road districts as the best interests of the public may require.
The above-cited language from Section 10464 of Chapter 102, RSMo 1909, appears in subsequent provisions of the law including Chapter 98, Article VIII, Section 10833, RSMo 1919. The comparable provision today is contained in Section 233.170, RSMo 1986, which provides:
 233.170. County commissions may form districts. — 1. County commissions of counties not under township organization may divide the territory of their respective counties into road districts, and every such district organized according to the provisions of sections 233.170 to 233.315 shall be a body corporate and possess the usual powers of a public corporation for public purposes, and shall be known and styled ". . . . . .road district of. . . . . . .County", and in that name shall be capable of suing and being sued, of holding such real estate and personal property as may at any time be either donated to or purchased by it in accordance with the provisions of sections 233.170 to 233.315, or of which it may be rightfully possessed at the time of the passage of sections 233.170 to 233.315, and of contracting and being contracted with as herein provided.
 2. Districts so organized may be of any dimensions that may be deemed necessary or advisable, except that every district shall be included wholly within the county organizing it and shall contain at least six hundred and forty acres of contiguous territory; provided, that the county commissions shall not have power to divide the territory within the corporate limits of a city having a population of one hundred fifty thousand into such road district.
The first dissolution provision was enacted in 1913 and was found in Chapter 98, Article VIII, Section 10853, RSMo 1919. It states:
 Sec. 10853. Dissolution of road district — petition — notice. — Whenever a petition, signed by the owners of a majority of the acres of land, within a road district organized under the provisions of this article shall be filed with the county court of any county in which said district is situated, setting forth the name of the district and the number of acres owned by each signer of such petition and the whole number of acres in said district, the said county court shall have power, if in its opinion the public good will be thereby advanced to disincorporate such road district. No such road district shall be disincorporated until notice be published in some newspaper published in the county where the same is situated for four weeks successively prior to the hearing of said petition.
The comparable provision today is contained in Section 233.295, RSMo 1986, which provides:
 233.295. Dissolution of road district — petition — notice. — Whenever a petition, signed by the owners of a majority of the acres of land, within a road district organized under the provisions of sections 233.170 to 233.315
shall be filed with the county commission of any county in which said district is situated, setting forth the name of the district and the number of acres owned by each signer of such petition and the whole number of acres in said district, the said county commission shall have power, if in its opinion the public good will be thereby advanced to disincorporate such road district. No such road district shall be disincorporated until notice be published in some newspaper published in the county where the same is situated for four weeks successively prior to the hearing of said petition.
This is the provision which governs the dissolution of the special road districts in Ripley County, since it continues the same dissolution procedures in existence at the time the districts were created.
Section 230.210, RSMo 1986, provides for the adoption of an alternative form of county highway commission. Such section provides:
 230.210. Petition, where filed, contents — form of ballot. — 1. Upon petition filed in the office of the clerk of the county commission, of voters equal to five percent of the vote cast for governor in the last preceding general election, requesting the adoption of the alternative county highway commission provided by sections 230.200 to 230.260, the county commission shall, by order of record, submit the question of the adoption of the alternative county highway commission to a vote of the voters of the county at the next general election.
 2. The question shall be submitted in substantially the following form:
 Shall the alternative county highway commission be adopted in. . . . . .County?
 3. If a majority of the voters voting upon the question vote for its adoption, the alternative county highway commission shall be declared adopted. If a majority of the voters voting upon the question vote against the adoption of the alternative county highway commission, the county in which the election was held shall retain the county highway commission provided by sections 230.010 to 230.110.
Section 230.225, RSMo 1986, provides:
 230.225. Township and special road districts abolished, when — districts in more than one county, how handled. — 1. All township road districts in counties adopting sections 230.200 to 230.260 are abolished and all assets and liabilities of each township road district shall be transferred to the county highway commission within thirty days of the adoption of sections 230.200 to 230.260 by the county.
 2. All special road districts in counties adopting sections 230.200 to 230.260 are abolished and all assets and liabilities of each special road district shall be transferred to the county highway commission within thirty days of the adoption of sections 230.200 to 230.260 by the county. Whenever any district is located in more than one county, the assets and liabilities of the district shall be transferred to the county adopting sections 230.200 to 230.260 in the proportion that the assessed valuation of that part of the district lying in the adopting county bears to the total assessed value of the district.
Therefore, if the alternative form of county highway commission provided by Sections 230.200 to 230.260 is adopted, all special road districts in the county are abolished.
The special road districts in Ripley County about which you are concerned can be dissolved in either of two ways. The districts can be dissolved pursuant to Section 233.295 or, if the alternative form of county highway commission is adopted pursuant to Section 230.210, the districts are abolished under Section 230.225.